**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**JASON HURT,**<br><br>Defendant | **NO. 5: 09-CR-68 (CAR)**<br><br>**VIOLATION: 18 U.S.C. §2113(a)** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. Defendant JASON HURT was represented by Ms. Cynthia Roseberry of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Michael T. Solis. Based upon the evidence proffered to the court by counsel for the government, as well as the contents of the Pretrial Services Report dated December 16, 2009, and noting that the defendant consents to pretrial detention, I conclude that the following facts require his detention pending disposition of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the aforementioned Pretrial Service Report, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of the defendant and the safety of the community were defendant HURT to be released from custody. Although he has strong ties to the Middle District of Georgia, the offense charged against him is a serious one for which long-term incarceration can be expected in the event of a conviction or plea of guilty. His estimated guideline range is 77 months to 96 months. The weight of evidence is strong. In addition, he has prior felony convictions including ROBBERY BY INTIMIDATION, 1995, Superior Court of Bibb County, Georgia; AGGRAVATED ASSAULT, 1999, Superior Court of Cobb County, Georgia; and, ROBBERY BY INTIMIDATION, 2004, Superior Court of Bibb County, Georgia. He has pending in Rockingham County, New Hampshire August, 2009 charges of SEXUAL ASSAULT, ENDANGERING THE WELFARE OF A CHILD ( 3 cts.), and FORCIBLE FONDLING/FELONIOUS SEXUAL ASSAULT. He appears to have absconded from New Hampshire after having been released on bond. In addition, the defendant has drug and firearms charges pending in Fulton County, Georgia.

Defendant HURT has demonstrated both a propensity to violate serious felony offenses and a willingness to flee prosecution, mandating pretrial detention. IT IS SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 4th day of JANUARY, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE